IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALVIN DEVON CARSON, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:06-cv-354 |
| PEPSI BOTTLING GROUP, | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

This is the fourth in a series of lawsuits filed in this court by the plaintiff arising out of the termination of his employment with defendant Pepsi Bottling Group (Pepsi) in May 2004. Currently pending is defendant's motion to dismiss or for summary judgment [Court File #25]. Because matters outside the pleadings have been submitted and considered by the court, it will be treated as a motion for summary judgment. *See* Rule 12(c), Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted.

I.

*Factual Background*

Plaintiff Alvin Carson was previously employed as a warehouseman in Pepsi's Knoxville distribution operations. In May 2004, he was discharged from his

employment for allegedly violating defendant's attendance policy. Under that policy, any employee who accrued three no-call/no-show absences in a rolling 12-month period would be discharged. Plaintiff purportedly accrued three no-call/no-shows in less than two months and was accordingly discharged.

In his deposition, the plaintiff admitted that: (1) he was an employee at-will of Pepsi; (2) Pepsi could end his employment for any or no reason; (3) Pepsi could change any policy without notice, for any or no reason; and (4) he had signed an acknowledgment that said, in bold type, ALL EMPLOYEES ARE "AT WILL" EMPLOYEES, meaning their employment can be terminated at will by either the Company or the employee at any time for any reason. [Carson Dep. at 39-42]. Plaintiff claims that he was orally promised that he had job security as long as his job performance was good, and that he had good reason for absences from work. However, plaintiff has no written promises or contract with Pepsi which would alter plaintiff's acknowledgment that he was an employee at will.

Following his termination in May 2004, plaintiff filed three prior lawsuits in this court listed as follows:

> (1) Civil Action No. 3:05-cv-177, in which plaintiff claimed race and disability discrimination under Title VII, the Americans with Disabilities Act, and the Civil Rights Act, alleging that he was wrongfully terminated, denied

medical leave, and denied a personal day. He voluntarily dismissed this lawsuit with prejudice by stipulation on December 13, 2005.

(2)  Civil Action No. 3:05-cv-294. On June 13, 2005, plaintiff sued Pepsi and its payroll subsidiary, AJN Holdings, Inc., alleging that his discharge was in retaliation for a workers' compensation claim. He later moved to amend with a claim for whistleblower retaliation, in violation of Tennessee law and the National Labor Relations Act. Defendants' summary judgment motions were granted.

(3)  Civil Action No. 3:06-cv-329. On August 25, 2006, plaintiff again sued Pepsi alleging that it denied him medical leave in 2004 in violation of the Family and Medical Leave Act. On January 19, 2007, this court entered summary judgment for Pepsi, plaintiff having admitted in his deposition that he knew the requirements for obtaining FMLA leave and that he did not comply with them. Plaintiff has appealed this case.

In the pending case, plaintiff makes, in his second amended complaint, the following six claims:

(1)  Employment-at-will doctrine;

(2)  Fraud;

(3)  Defamation of character;

(4)  Breach of good faith and fair dealing;

(5)  Embarrassment; and

(6)  Implied contract and agreement.

II.

## *Res Judicata*

*Res judicata* requires a plaintiff to bring every claim he has arising out of a common nucleus of fact at the same time, in the same lawsuit. *Black v. Ryder/P.I.E., Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Issues that "could have and should have been raised by the plaintiff and litigated within the jurisdiction of the ... court are barred by *res judicata*." *Smith v. Dawson-Smith*, 111 Fed. Appx. 360, 362 (6th Cir. 2004). Lawsuits that violate these principles are subject to summary dismissal. *Id.*

Civil Actions No. 3:05-cv-177 and 3:05-cv-294 both specifically challenge plaintiff's discharge from Pepsi in May 2004. That discharge is the very transaction and nucleus of fact that plaintiff challenges in this case. Because he did not bring them at that time, he is barred by *res judicata* from bringing them now. Accordingly, defendant is entitled to summary judgment on the basis of *res judicata*.

III.

## *Statutes of Limitation*

Plaintiff's employment with Pepsi ended in May 2004. The instant lawsuit was filed two and a half years later in September 2006. Even if plaintiff's "defamation of character" claim was not barred by *res judicata*, it would be barred

by the one-year limitation on liable actions, T.C.A. § 28-3-104(a)(1), or the six-month limitation on slander actions, T.C.A. § 28-3-103.

IV.

*Plaintiff's Contract Claims*

Plaintiff's other claims all appear to be breach of contract claims in which plaintiff appears to allege that defendant breached some oral contract it had with the plaintiff not to discharge him unless it had just cause. However, it is undisputed and in writing that plaintiff was an employee at will of Pepsi. Tennessee has long recognized the doctrine of employment at will, with the mutual right of either party to terminate such relationship with or without cause. *Brown v. City of Niota, Tennessee,* 214 F.3d 718, 721 (6th Cir. 2000). Even if these breach of contract claims were not barred by *res judicata*, plaintiff would not state a claim upon which relief can be granted. Tennessee law is well settled that oral exhortations like those allegedly made to the plaintiff do not form a contract. *See Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 933-34 (Tenn. Ct. App. 1984). In *Price*, the at will employee claimed an oral contract for lifetime employment, based on his boss's statement that "he would never have to worry about employment because of the service he had rendered to the company in the past," and "would never have to worry about employment if he performed his duties and achieved a million dollars in sales." *Id.* at 931. When he was fired, he sued for breach of contract. *Id.* The court

concluded that "no valid contract was ever formed" because: his past service was inadequate consideration; he could not describe the terms of the agreement with any specificity; and the employer's statements about job security "did not rise to the level of a contract but rather were statements of encouragement and approval of Mr. Price's work at the time." *Id.* at 933. Similarly, in this case, it is undisputed that plaintiff was an employee at will and he had no contract with Pepsi to the effect that Pepsi could not fire him unless it had "just cause."

V.

### *Plaintiff's Claims of Fraud or Embarrassment*

To the extent that such claims might be available, plaintiff's claims of "fraud" and "embarrassment" would be barred by *res judicata*.

The claim of fraud does not comply with Rule 9(b), Federal Rules of Civil Procedure, providing that in any complaint averring fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).

Finally, plaintiff's allegations of "embarrassment" would not stand alone and is not an independent, separate cause of action. *See Wessels v. Garden Way, Inc.*, 689 N.W.2d 526, 533 (Mich. Ct. App. 2004).

VI.

***Conclusion***

In light of the foregoing, defendant's motion for summary judgment [Court File #25] is GRANTED, and this action DISMISSED.

Enter judgment accordingly.

    *** s/ James H. Jarvis***
    UNITED STATES DISTRICT JUDGE